**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

WORLD CAM, LLC,

    Plaintiff,

v.

OMNIBOND SYSTEMS, LLC AND
KENNETH BOYD WILSON,

    Defendants,

AND

OMNIBOND SYSTEMS, LLC,

    Counterclaim Plaintiff,

v.

WORLD CAM, LLC AND
ANDREW SLATTERY,

    Counterclaim Defendants.

Civil Action No. 8:19-cv-02066-DCC

**<u>CONFIDENTIALITY ORDER</u>**

Whereas the parties to this Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 9th day of September, 2021, ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this

Order concerning confidential information as set forth below.  This Order does not restrict or otherwise govern a party's or non-party's use of its own confidential information.

2. **Form and Timing of Designation.**

a. **Designation by producing party.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation. Documents shall be designated CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE prior to, or contemporaneously with, the production or disclosure of the documents.  Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

b. **Designation of materials produced by another party or non-party**. A party or non-Party may designate as CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE materials produced by another party or non-party under this Order. Those designations generally should be made within 15 business days of receiving the production, to the extent practicable. But any failure to make the designation within that period will not be deemed a waiver, in whole or in part, of the right to designate documents as otherwise allowed by this Order. Parties and Non-Parties will comply with all reasonable requests to delay distribution of produced materials until such time as a Party or Non-Party can review the production to determine whether a designation is warranted.

3.      **Documents Which May be Designated Confidential.**  Any party may designate documents as CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE but only after review of the documents by an attorney[1] who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information.  The certification shall be made concurrently with the designation of the documents, using the form attached hereto as Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure.  Information or documents which are available in the public sector may not be designated as confidential.

4.      **Depositions.**    Portions of depositions shall be deemed CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE only if designated as such when the deposition is taken or within seven business days after receipt of the transcript.  Such designation shall be specific as to the portions to be protected.

5.      **Protection of Confidential Material.**

a.      **General Protections.**  Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 5.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

---

[1] The attorney who reviews the documents and certifies them to be CONFIDENTIAL must be admitted to the Bar of at least one state but need not be admitted to practice in the District of South Carolina and need not apply for *pro hac vice* admission. By signing the certification, counsel submits to the jurisdiction of this court in regard to the certification.

b.    **Limited Third Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(6) below. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Order:

(1)    counsel of record and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2)    parties and employees of a party to this Order but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth as Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it[2];

(3)    court reporters, videographers, and stenographers transcribing a deposition, conference, hearing, or trial, and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4)    consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit only after the person to whom disclosure is to

---

[2] At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment B hereto), counsel shall complete a certification in the form shown at Attachment C hereto.  Counsel shall retain the certification together with the form signed by the party or employee.

be made has executed an acknowledgment (in the form set forth as Attachment B hereto), that he or she has read and understands the terms of this Order and is bound by it;

(5)     the court, any mediator that the court orders or the parties agree to, and their respective staffs; and

(6)     other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c.     **Control of Documents.**   Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE pursuant to the terms of this order.  Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d.     **Copies.**   All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy.  All such copies shall be afforded the full protection of this Order.

e.     **Greater Protection.**   The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated RESTRICTED - ATTORNEYS' EYES ONLY under the terms of this Order to any other person or entity except as set forth in subparagraphs 5(b)(1),(3)-(6) above, subject to the requirements of subparagraph 5(b).

6.     **Filing of Confidential Materials.**  In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction.   Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.  This duty exists irrespective of the duty to consult on the underlying motion.  Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal.  The parties understand that documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

7.     **Greater Protection of Specific Documents.**  No party may withhold information from discovery on the ground that it requires confidentiality protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

8.     **Challenges to Designation as Confidential.**   Any CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE designation is subject to challenge.    The following procedures shall apply to any such challenge.

a.    The burden of proving the necessity of any designation remains with the party asserting confidentiality.

b.    A party who contends that documents designated CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge.  The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the designation.

c.    Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1)    the party who claims that the documents are confidential withdraws such designation in writing;

(2)    the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 8.b. above; or

(3)    the court rules that the documents should no longer be designated as confidential information.

d.    Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9.    **Treatment on Conclusion of Litigation.**

a.    **Order Remains in Effect.**  All provisions of this Order restricting the use of documents designated CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.    **Return of CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE Documents.**  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE under this Order, including copies as defined above (¶5.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents.  This work product continues to be confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

10. **Order Subject to Modification.** This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

11. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

12. **Source Code.** For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 12 (h and k) below. Additionally, except as provided in paragraph 12(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)    The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)    Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(b)(4) above.  A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)    To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)    Except as set forth in paragraph 12(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)    The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(i)    Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

(j)    If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(k)    A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 12(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 12(j) above and is at all times subject to the transport restrictions set forth herein.  But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

13.    **Persons Bound.**  This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

s/Donald C. Coggins, Jr.
The Honorable Donald C. Coggins, Jr.
United States District Judge

September 9, 2021
Spartanburg, South Carolina

**ATTACHMENT A**
**CERTIFICATION BY COUNSEL OF DESIGNATION**
**OF INFORMATION AS CONFIDENTIAL**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| WORLD CAM, LLC, | Civil Action No. 8:19-cv-02066-DCC |
| Plaintiff, | |
| v. | |
| OMNIBOND SYSTEMS, LLC AND KENNETH BOYD WILSON, | **CERTIFICATION BY COUNSEL AS DESIGNATION OF INFORMATION AS CONFIDENTIAL** |
| Defendants, | |
| AND | |
| OMNIBOND SYSTEMS, LLC, | |
| Counterclaim Plaintiff, | |
| v. | |
| WORLD CAM, LLC AND ANDREW SLATTERY, | |
| Counterclaim Defendants. | |

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE subject to the Confidentiality Order entered in this action which Order is dated [confidentiality order date].

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of the Confidentiality Order.

Check and complete one of the two options below.

❏    I am a member of the Bar of the United States District Court for the District of South Carolina. My District Court Bar number is [District Court Bar #].

❏    I am not a member of the Bar of the United States District Court for the District of South Carolina but am admitted to the bar of one or more states.  The state in which I conduct the majority of my practice is [state in which I practice most] where my Bar number is [that state's Bar #]. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the District of South Carolina as to any matter relating to this certification.

Date:  [date attachment A signed]                    [Signature of Counsel [s/name]]
                                                     Signature of Counsel

                                                     [Printed Name of Counsel [A]]
                                                     Printed Name of Counsel

**ATTACHMENT B**
**ACKNOWLEDGMENT OF UNDERSTANDING**
**AND**
**AGREEMENT TO BE BOUND**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| WORLD CAM, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>OMNIBOND SYSTEMS, LLC AND<br>KENNETH BOYD WILSON,<br><br>    Defendants,<br><br>AND<br><br>OMNIBOND SYSTEMS, LLC,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>WORLD CAM, LLC AND<br>ANDREW SLATTERY,<br><br>    Counterclaim Defendants. | Civil Action No. 8:19-cv-02066-DCC<br><br><br><br>**ACKNOWLEDGEMENT OF**<br>**UNDERSTANDING AND**<br>**AGREEMENT TO BE BOUND** |

  The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated [confidentiality order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL, RESTRICTED - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name:                          [undersigned name [att B]]

Job Title:                     [Job Title [att B]]

Employer:                      [Employer [att B]]

Business Address:              [Business Address [att B]]


Date:  **[date attachment B signed]**                    [Signature [attachment B]]
                                                         Signature

**ATTACHMENT C**
**CERTIFICATION OF COUNSEL OF NEED**
**FOR ASSISTANCE OF PARTY/EMPLOYEE**

| | |
|---|---|
| WORLD CAM, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>OMNIBOND SYSTEMS, LLC AND<br>KENNETH BOYD WILSON,<br><br>       Defendants,<br><br>AND<br><br>OMNIBOND SYSTEMS, LLC,<br><br>       Counterclaim Plaintiff,<br><br>v.<br><br>WORLD CAM, LLC AND<br>ANDREW SLATTERY,<br><br>       Counterclaim Defendants. | Civil Action No. 8:19-cv-02066-DCC<br><br><br><br>**CERTIFICATION OF COUNSEL OF<br>NEED FOR ASSISTANCE OF<br>PARTY/EMPLOYEE** |

Pursuant to the Confidentiality Order entered in this action, most particularly the provisions of Paragraph 5.b.2., I certify that the assistance of [name of assistant [att C]] is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL.

I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual and  I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

❑     A named party;

❑    An employee of named party [employee of named party]. This employee's job title is [employee's job title] and work address is [employee's work address].

Date:    **[date attachment C signed]**          [Signature [attachment C]]
                                                                                    Signature